### GROFF v. FRIEDLINE.

(City Court of New York, General Term. April 27, 1896.)

PAYMENT—WHAT CONSTITUTES.

Defendant, who was indebted to plaintiff's assignor, indorsed a note payable to the assignor, and procured its discount; the proceeds being paid to the assignor under an agreement that, if the note was not paid when due, the amount thereof should be credited on the debt due the assignor from defendant. *Held*, that in case of the insolvency of the assignor, and an assignment by him, for the benefit of creditors, before the maturity of the note, payment by defendant of the note after maturity constituted a payment by him on his debt to the assignor.

Appeal from trial term.

Action by Frederick G. Groff, as general assignee of Henry W. Benedict and another, against Louisa C. Friedline. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FITZSIMONS and McCARTHY, JJ.

L. B. Bunnell, for appellant

Lippman & Ruck, for respondent.

FITZSIMONS, J. It appears that the plaintiff's assignors had a claim against the defendant, and the amount was not exactly known; but they, being in need of cash, waited upon defendant's husband, who conducted her business as her manager, and requested payment of said account, which he said he could not do. They then offered him a note of one of their customers, drawn for $462, which they indorsed over to the defendant; and she, in turn, indorsed it and procured its discount. The defendant says that plaintiff's assignor then agreed that, if said note was not paid at maturity, the sum of $462 should be credited on defendant's debt due them, which was agreed to. Subsequent to the receipt by plaintiff's assignor of said $462, and before maturity of the note, they failed, making the plaintiff their general assignee. Action is now brought upon defendant's debt, and defendant alleges payment of the same.

If defendant paid plaintiff's assignor the $462 in the manner described by her, and then agreed that, upon their failure to pay said note upon its maturity, the said payments should be credited upon her account, of course, upon their failure to pay the note, said $462 should have been credited upon her debt, and such payment, in law, was made at the time of the actual delivery of the sum in question; and, that being prior to the assignment to plaintiff, it paid in full the defendant's debt, and consequently no cause of action could exist thereon in plaintiff's favor. This was the defendant's version of the transaction, and the jury believed it, as they had a right to do.

We find no error, and the judgment must be affirmed, with costs.